# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DIANE M.. STEPTOE | § | |
| | § | |
| V. | § | CASE NO. 4:06cv229 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be AFFIRMED.

## HISTORY OF THE CASE

Plaintiff protectively filed for DIB on May 21, 2003, alleging disability due to poor circulation in her legs, bulging discs in her back, back and shoulder pain, and numbness in her hands, since January 17, 2003, 42 U.S.C. § 423(d)(1)(A). Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on May 6, 2005. Plaintiff was represented by counsel at the proceeding.

On July 19, 2005, the ALJ denied Plaintiff's claim on the basis that Plaintiff can perform her past relevant work as a client advisor, eligibility specialist, cashier/sales person, and case manager. Plaintiff requested Appeals Council review, which the Appeals Council denied on May 4, 2006. Therefore, the July 19, 2005, decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation.  The ALJ made the following findings:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act, and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's degenerative disc disease, varicose veins with chronic venous stasis, ulcers, obesity, and cysts are considered "severe" based on the requirements in the Regulations.  20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds that the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: she can lift a maximum of 10 pounds, she can stand 15 to 20 minutes at a time for 2 hors and sit for 6 hours of an 8 hour day.  She should have the ability to stretch at 45 minute to 1 hour intervals, she should also have the ability to elevate her legs up to 1 foot as needed.  She should do no climbing, crawling, squatting or balancing, and should not climb ropes, ladders, or scaffolds or do any overhead lifting.  The claimant can occasionally kneel, stoop, bend and crouch.  She can do no pedaling and should not be required to work at heights or to work around or with dangerous or vibrating machinery.

7. The claimant's past relevant work as a client advisor, an eligibility specialist, a cashier/sales person, and as a case manager did not require the performance of work-related activities precluded by her residual functional capacity.  20 C.F.R. § 404.1565.

8. The claimant's medically determinable degenerative disc disease, varicose veins with chronic venous stasis, ulcers, obesity, and cysts do not prevent the claimant from performing her past relevant work..

> 9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 C.F.R. § 404.1520(g).

(T.R. 23-24).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of her disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if her alleged impairment is not severe, without consideration of her residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if her impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if she is capable of performing her past work. 20 C.F.R. § 404.1520(e) (1987).

In this case, the decision was made at this step considering the ALJ found Plaintiff could perform her past relevant work as a client advisor, eligibility specialist, cashier/sales person, and case manager. If the analysis continued to the fifth step, it would be necessary to determine if the claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v.*

*Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

## ANALYSIS

Steptoe asserts two points of error. First, she contends that the ALJ improperly weighed the evaluation of Steptoe's treating physician and instead gave more credence to that of the ME, Dr. Vorhies.

An ALJ must give a treating physician's opinion "controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with... other substantial evidence.'" *Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995) (quoting 20 C.F.R. § 404.1527(d)(2) (alteration in original)). Furthermore, a specialist's opinion is afforded greater weight than a generalist's. *See Paul v. Shalala,* 29 F.3d 208, 211 (5th Cir. 1994), *overruled on other grounds by Sims v. Apfel,* 530 U.S. 103, 120 S. Ct. 2080, 147 L. Ed.2d 80 (2000). As reflected above, a treating physician's opinion may be given little or no weight "when the evidence supports a contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (internal quotation marks omitted). The ALJ must "always give good reasons ... for the weight [it affords the opinion]," 20 C.F.R. § 404.1527(d)(2), and must show good cause when giving that opinion little or no weight. *Newton,* 209 F.3d at 455.

Pursuant to 20 C.F.R. § 404.1527(d)(2), to determine how much weight to afford such an opinion, the ALJ must consider: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. 20 C.F.R. § 404.1527(d)(2); *see also Newton*, 209 F.3d at 456. Furthermore, Social Security Ruling (SSR) 96-2p provides: "[A] finding that a treating source medical opinion is *not* well-supported by

medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' *not* that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Newton*, 209 F.3d at 456 (citing SSR 96-2p, 61 F.R. 34490, 34491 (July 2, 1996))..

This detailed analysis is required only "*absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist.*" *Id.* at 453 (emphasis added). The opinion of a treating physician is *not* given controlling weight when it is inconsistent with other substantial evidence in the record. *Spellman v. Shalala,* 1 F.3d 357, 364-65 (5th Cir. 1993). Because contrary reliable evidence from another treating doctor existed in opposition to Steptoe's claims as cited to by the ALJ, substantial evidence supported the ALJ's decision *not* to rely on Dr. Coulson's findings.

Steptoe also claims that the ALJ improperly evaluated her pain as a limiting factor. The ALJ's assessment of the disabling nature of the claimant's pain is due considerable deference. *Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001). Whether pain is disabling is an issue for the ALJ who has the primary responsibility for resolving conflicts in the evidence. *Id.* Here, the ALJ noted his reasons for rejecting Steptoe's allegations that her pain was disabling. He referred to medical tests, Dr. Coulson's records, and Steptoe's own testimony in making his assessment. On this ground, the Court cannot second guess the ALJ.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 18th day of February, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE